This is Elias. I'm Craig Jorgensen. I represent the appellant Alan Elias. I would like to reserve two minutes of my time for rebuttal. The appellant was charged with disposing of waste without a permit. The statute involved 42 United States Code section 6928 had been amended in 1984. In that 1984 amendment, Congress specifically dropped the language, language that referred to the obtaining of a permit, which had been in the statute, and then struck language specifically or section 6926 in the case of a state program. The statute prior to this 1984 amendment had originally regulated the permitting process for both federal and state permitting programs. Counsel, let me ask you, is this an argument that was presented previously to our court in the form of another panel? No, it is not. Is this an argument that has something to do other than with the limited remand with regard to the restitution award? It is not. What is it doing before us? It is before us because, for two reasons, the court in the prior decision in Elias told us that federal law was supplanted. What is it that was supplanted? The thing that was supplanted were the federal regulations, and they were supplanted by state of the crime, a violation of state regulations. You're challenging the conviction? Yes. We can't do anything about that, can we? Well, I think you can. How? Because due process has been violated. The defendant was not prosecuted on what the jurisdiction can be raised at any time. It is after a remand, right? A remand on a specific issue, and that is to look at the restitution. If you have a due process claim, maybe you can bring a 2241 or something, or a 2255 or something like that, so the collateral proceeding, if you think you've got some sort of due process issue. But what is this doing in this remand where we send the case back for a limited purpose of... Sentencing. ...deconsideration of the... Restitution. Restitution. Nothing else. Nothing else. Then you've got all this other stuff in here that has nothing to do with that. What, do you think we're going to sneak in? We're not going to notice? Subsequent to our filing the appeal, in this case, this Court decided Oregon v. Ashcroft. We filed a 28J letter, and we believe that because the language of the statute under which this defendant was prosecuted did not have an expression in the language of the statute, that Federal jurisdiction was unmistakably clear that the trial court was without subject matter jurisdiction and had no power to adjudicate... But that's, again, an argument you didn't make in your original appeal of the sentence. It's not something that you raised in a trial court at a trial. It's not something that you raised in your appeal. And the first time around, what makes you think you can raise it just because you happen to get a remand on a limited issue? What does that have to do with the remand? Oregon v. Ashcroft tells us clearly that absent this unmistakably clear grant of Federal jurisdiction, and we didn't have. We didn't have Oregon v. Ashcroft. Is this a challenge to the conviction? That's correct. Is the conviction still before us? Isn't the conviction affirmed, done, gone? We don't have any authority to deal with the conviction? Well, you're asking me questions. Is this the proper motion that should be before the court? I know you want to make the argument. I don't think we can do anything about the argument you're trying to make. Potentially a habeas proceeding, but I'm not trying to tell you what to do. It just seems to me that all we can speak to is what has not already been resolved, and that seems to be limited to the limited remand on the restitution. So maybe if you have some arguments to that, maybe you should address those arguments. We have filed, Your Honors, a separate petition to call to recall the mandate of the prior decision of this court based on Oregon v. Ashcroft, and that would be pending  What I want to argue is that jurisdiction can be, or lack of jurisdiction can be raised at any time, and that's what we're doing. We're challenging the conviction. Do you want to argue anything about restitution? No. Okay. We'll hear from the government then. If I can then proceed. Constitutional balance. I'd like to read some language from this quote. I don't think you understand. If you want to argue about restitution, you are free to use the remaining four minutes to argue that. If not, you can sit down. Thank you. May it please the Court. My name is David Ullman, and I represent the United States. How are you? I'm well, thank you, Your Honor. Do you have anything this morning that you think requires a reply from the government? I do not, unless there are questions that the Court has. Thank you. In case you're sorry, you will stand submitted. Thank you, Your Honor. All rise. This Court's for discussion stands adjourned.
judges: Kozinski, Fernandez, Clifton